**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-70018
_____

TONY EGBUNA FORD,

Petitioner - Appellant,

versus

DOUG DRETKE, Director,
Texas Department of Justice,
Correctional Institutions Division,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
District Cause No. 01-CV-386

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.[1]

Tony Egbuna Ford was convicted of capital murder and
sentenced to death. Ford seeks a certificate of appealability
(COA) to appeal the district court's denial of federal habeas
relief for five claims. After considering Ford's request, the
court GRANTS Ford a COA on the following issues: (1) whether the
district court erred in determining that Ford's trial counsel
provided effective assistance in advocating his request for the

---

[1]Pursuant to 5TH CIRCUIT RULE 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

appointment of an expert in eyewitness identification, (2) whether the district court erred in determining that Ford was not entitled to an eyewitness identification expert, and (3) whether the district court erred in determining that Ford's appellate counsel was effective despite his failure to raise a due process claim based on the trial court's failure to appoint Ford an expert.

The court DENIES a COA for Ford's claim that he was entitled to an evidentiary hearing to develop his claim that the police identification process was unconstitutionally suggestive. Ford had an opportunity to develop the factual basis of his claim about the identification process. Although Ford did not have the assistance of an expert, the state trial judge conducted an evidentiary hearing on Ford's motion to suppress. During that hearing, Ford's attorneys demonstrated the problems with the photo spread. Even if the photo spread was suggestive, the jury's verdict resulted from in-court identifications, not out-of-court identifications using the photo spread. Ford has not made a substantial showing of the denial of a constitutional right.

The court also DENIES Ford a COA on his claim that the district court erred by denying his request for discovery to develop a *Brady* claim. The new evidence Ford relies upon is too speculative to undermine confidence in the jury's verdict. Even

2

if the prosecutor had the information that Ford seeks discovery about, there is no reasonable probability the result of the proceeding would have been different. The district court did not abuse its discretion in denying Ford's request for discovery.

With this matter resolved, the court ORDERS the clerk to set this appeal for oral argument. Although no further briefing is required, the court will accept additional briefing if the parties request leave of court.

REQUEST FOR CERTIFICATE OF APPEALABILITY GRANTED IN PART & DENIED IN PART.